*1083 TEXTO COMPLETO DE LA SENTENCIA
Ante nos comparece el Procurador General y solicita, a nombre del Pueblo de Puerto Rico, que expidamos un auto de certiorari y revoquemos lá resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 23 de mayo de 2000. La misma decretó la desestimación de los cargos por violación a la Ley de Tránsito, que pesaban contra los recurridos, señores Gregory Serrano Oquendo y Juan Cabeza Santiago. Según el Procurador, el fundamento jurídico utilizado por el tribunal para decretar la desestimación, es erróneo.
Por los fundamentos que es expresan á continuación, expedimos el auto solicitado y revocamos la resolución recurrida.
I
El 21 de enero de 2000, los recurridos se vieron envueltos en un accidente de tránsito, consistente en una colisión entre los vehículos de ambos. Estos llamaron de inmediato a la policía para que se preparara el informe correspondiente, y permanecieron en el lugar del accidente para ofrecer la información que les fuera requerida. Al lugar se presentó el agente Carlos R. Cedeño, quien comenzó a hacer el interrogatorio de rigor. Mientras hacía sus preguntas a los recurridos, el agente percibió un olor a alcohol proveniente de uno de ellos, por lo que decidió someterlos a la prueba de aliento para determinar el nivel de alcohol en la sangre. Ambos arrojaron resultados positivos.
Contra los recurridos se presentaron acusaciones por violación a las secciones 5-801 (conducir en estado embriaguez) y 5-201 (conducir negligentemente) de la Ley Núm. 141 de 20 de julio de 1960, conocida como Ley de Tránsito, 9 L.P.R.A. secciones 1041 y 871, respectivamente. Celebrada la vista requerida por la Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R.6, el tribunal determinó que había causa para arresto en el caso bajo la sección 5-801, pero desestimó los cargos bajo la sección 5-201.
La vista en su fondo del caso quedó pautada para el 9 de febrero de 2000. Ese día, el representante legal del señor Serrano Oquendo le expresó al tribunal que el Ministerio Público no tenía forma de probar todos los elementos del delito, pues el oficial de la policía que entrevistó a los acusados el día de los hechos, no los llegó a ver conduciendo sus vehículos. El tribunal transfirió la vista para el 31 de marzo y concedió diez días a la defensa para que presentase una moción al amparo de la Regla 64 (p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64 (p), y diez días al Ministerio Público para replicar.
Presentadas la moción de la defensa y la correspondiente réplica, el tribunal declaró, mediante resolución dictada el 5 de abril de 2000, sin lugar la moción de desestimación y pautó el juicio para el 8 de mayo de 2000. En esta última fecha, antes de comenzar a desfilar prueba, la defensa repitió su alegación de que el Ministeno Público no tenía la prueba necesaria para establecer todos los elementos del delito imputado. Por su paite, el fiscal argumentó que la determinación acerca de la suficiencia de la pmeba debía ser dilucidada en el juicio en su fondo. Escuchados ambos argumentos, el tribunal suspendió la vista en su fondo y dejó sometido el asunto para resolverlo por resolución al efecto, Se advirtió a las partes que de declararse sin lugar el planteamiento de la defensa, se señalaría el caso nuevamente, y que no correrían los términos porque el planteamiento lo había hecho la defensa.
Así las cosas, el Tribunal de Primera Instancia dictó la resolución aquí recurrida el 23 de mayo de 2000 y *1084 desestimó las acusaciones. Dicho foro determinó que cualquier declaración que los acusados hubiesen hecho al agente investigador de la policía, previo a que se les advirtiera de sus derechos, según dispuesto en Miranda v. Arizona, 384 U.S. 436 (1966), y Pueblo v. López Guzmán, 131 D.P.R. 867 (1992), era inadmisible por ser contraria a la Cláusula Contra la Autoincriminación de las Constituciones de Puerto Rico y los Estados Unidos. Constitución de los Estados Unidos, Enm. V; Constitución de Puerto Rico, Art. II, Sec. 11.
De esa determinación, recurre el Procurador General. En su escrito ante nos, el Procurador alega que al basar su determinación en el derecho de los acusados a no autoincriminarse, el Tribunal incurrió en los siguientes errores:

1.Erro el Tribunal de Primera Instancia al determinar que no es jurídicamente posible encontrar causa probable por embriaguez al conducir (sec. 5-801 de la Ley de Transito) contra un ciudadano que al momento de la intervención policíaca no estaba conduciendo vehículo alguno.

2. Erró el Tribunal de Primera Instancia al permitir que se produjera en el juicio plenario una solicitud de desestimación por determinación de causa probable contraria a derecho (Regla 64 (p)) que previamente se había interpuesto y se había declarado sin lugar. (Enfasis suplido)

3. Erro el Tribunal de Primera Instancia con lugar una solicitud de desestimación por determinación de causa probable contraria a derecho (Regla 64 (p)) en el juicio plenario y sin que el ministerio público desfilara la prueba a cargo." (Enfasis suplido)
II
Como se sabe, Miranda v. Arizona, supra, le impuso a los agentes del orden público la obligación de brindar ciertas advertencias a todo: (1) sospechoso, (2) que sea interrogado (3) bajo custodia policial. Aunque no se requiere un lenguaje talismánico, en esencia, las advertencias deben informar al imputado: "que tiene el derecho a permanecer callado; que cualquier manifestación que haga podrá ser utilizada como evidencia en su contra, que tiene el derecho a consultar un abogado de su selección antes de decidir si declara o no y contar con la asistencia de éste durante el interrogatorio; y que de no tener dinero para pagar un abogado, el Estado viene en la obligación de proveérselo" [Citas omitidas]. Pueblo v. Ruiz Bosch, 127 D.P.R. 762, 775-76 (1991). Se trata de tres requisitos que deben estar presentes simultáneamente, pues, con uno sólo que falte, es innecesario hacer las advertencias Miranda. En Pueblo v. Adorno Lorenzana, 93 D.P.R. 788 (1966), y Pueblo v. Guadalupe Rosa, 94 D.P.R. 190 (1967), se incorporaron expresamente a Puerto Rico las normas establecidas en Miranda, supra, las cuales el Tribunal Supremo de Puerto Rico había establecido parcialmente en Rivera Escuté v. Jefe Penitenciaría, 92 D.P.R. 765 (1965). Véase, E.L. Chiesa, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1991, Vol. I, See. 2.3, a la pág. 82.
Ahora bien, se ha determinado que la detención que hace un policía, como parte de la investigación de una infracción de tránsito, no constituye una situación de "custodia policial", según entendido en Miranda, supra. Ya en Pueblo v. Tribunal Superior, 97 D.P.R. 199 (1969), nuestro Tribunal Supremo resolvió que el interrogatorio a que se somete inicialmente un infractor de las leyes de tránsito, no está cobijado por la doctrina de Miranda, supra. Pueblo v. Tribunal Superior, supra, a la pág. 204. Más recientemente, en Berkemer v. McCarty, 468 U.S. 420 (1984), el Tribunal Supremo federal reiteró esta doctrina. Berkemer, supra, planteaba el problema de dos interrogatorios hechos al mismo sospechoso: uno, en la carretera, en el mismo lugar en que se le detuvo por ir manejando erráticamente un vehículo de motor, y otro, en una celda de la cárcel del condado luego de haber sido arrestado por manejar en estado de embriaguez. Las admisiones que el Tribunal Supremo de Estados Unidos resolvió en Berkemer, supra, que requerían previamente las advertencias Miranda, fueron las hechas bajo custodia en la cárcel del condado, no así las realizadas en la carretera al momento de la detención inicial. Aquí el Tribunal reconoce que, aun cuando una detención de tránsito coarta significativamente la "libertad de acción" del conductor y de los pasajeros del vehículo, 468 U.S. a la pág. 436, no es el tipo de situación que la norma de Miranda, supra, pretendía conjurar. Id., a la pág. 437. En primer lugar, las *1085 detenciones ordinarias de tránsito son, por lo general, temporeras y breves, id. En segundo lugar, las circunstancias asociadas a este tipo de detención, no son tales que hagan sentirse al conductor enteramente a merced de la policía. Estas intervenciones se conducen en público, a la vista de otros conductores y transeúntes que pueden apreciar el modo en que la policía interactua con el conductor detenido. Se trata de un entorno menos dominado por la policía que aquél que rodeaba el interrogatorio descrito en Miranda, supra, y en casos subsecuentes donde se ha aplicado Miranda, supra. Id., a las págs. 438-39.
La verdad es que el "interrogatorio'' a que el policía Cedeño sometió a los acusados, no fue diferente al que relatan los casos ya citados de Berkemer, supra, y Pueblo v. Tribunal Superior, supra. Ni el primer interrogatorio de Berkemer, supra, ni el de Pueblo v. Tribunal Superior, supra, ni el de los señores Serrano Oquendo y Cabeza Santiago, fueron interrogatorios "bajo custodia". Por tal razón, la determinación evidenciaría que condujo al Tribunal de Primera Instancia a descartar la prueba de cargo en este caso, fue patentemente errónea. Concluimos que el primer error señalado fue cometido.
Los errores segundo y tercero señalados por el Procurador parecen responder a la expresión que hace el Tribunal de Primera Instancia al final de su resolución, donde declara que los cargos quedan desestimados "y el Estado está impedido de radicarlos nuevamente por los mismos hechos". El Procurador alega que incidió el foro de instancia al permitir que la defensa repitiera su mocion de desestimación al amparo de la Regla 64 (p) de Procedimiento Civil, supra, y declarar con lugar la misma "en el juicio plenario".
Tanto el Tribunal de Primera Instancia como el Procurador aparentan partir de la base de que la vista celebrada el 8 de mayo de 2000 constituyó el inicio del juicio que adjudicó finalmente el caso. Por las expresiones hechas por el tribunal a quo sobre la imposibilidad del Estado de presentar nuevamente cargos por los mismos hechos, suponemos que dicho foro hacía referencia a la Cláusula Contra la Doble Exposición de las Constituciones de Puerto Rico y los Estados Unidos. Constitución de los Estados Unidos, Enm. V, Constitución de Puerto Rico, Art II, Sec. 11.
Sin embargo, no es esa la situación de autos. Recordemos que, en casos por tribunal de derecho, el juicio no comienza hasta que se toma el juramento al primer testigo. Setfass v. United States, 420 U.S. 377, 388 (1975). Véase, además, E.L. Chiesa, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1991, Vol. II, Sec. 16.4, a la pág. 411. Así mismo, citando también al profesor Chiesa, nuestro Tribunal Supremo señaló en Pueblo v. Soto Ortiz, 2000 J.T.S. 119, a la pág. 1485, lo siguiente:
"Coincidimos con lo expresado por el Prof. Chiesa en el sentido de que cuando se desestima por cualquier razón que no sea inocencia (o absolución en los méritos), la clausula de doble exposición no impide que haya ulteriores procedimientos en instancia o en revision. Desde luego, si el defecto fuere insubsanable, como sena el de prescripción del delito, entonces habría impedimento para un nuevo proceso, pero no por virtud de la protección constitucional contra la doble exposición, sino por mandato estatutario. E. L. Chiesa, Derecho Procesal Penal de Puerto Rico y Estados Unidos, 1992, Vol. II, §16.2, a la pág. 371
Un examen de la resolución recurrida demuestra que la vista celebrada, el 8 de mayo de 2000, no constituyó un juicio a fines de la Cláusula Contra la Doble Exposición, pues no se llegó a interrogar bajo juramento a ninguno de los testigos. El Tribunal de Primera Instancia se limitó ese día a escuchar nuevamente argumentos en tomo a su resolución del 5 de abril de 2000 y suspendió el señalamiento en lo que resolvía dichos planteamientos, lo que hizo mediante la resolución recurrida, al declarar con lugar (por razones erróneas, como ya hemos señalado), la moción de desestimación de la defensa. No estamos aquí ante una absolución en los méritos que impida un nuevo juicio. Bajo estas circunstancias, la clausula y doctrina sobre la doble exposición, no son aplicables. Los errores segundo y tercero que señala el Procurador no fueron cometidos, porque no se estaba "en el juicio plenario", lo que hace dichos señalamientos de error imprecisos e improcedentes. Pero nada impide que el Ministerio Público pueda continuar con los procedimientos, ya que es suficiente con que se haya cometido el primer error señalado.
*1086 ni
Por los fundamentos antes expuestos, se expide el auto solicitado y se revoca la resolución emitida, el 23 de mayo de 2000, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Se devuelve el caso a aquel foro para que continúen los procedimientos de forma cónsona con lo aquí dispuesto.
Así lo acuerda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General